## JOHN COLEMAN *v.* POYDRAS ASYLUM.

The usufructuary is liable, during his enjoyment, to all the annual charges, to which the things subject to the usufruct may be liable.

He is obliged to pay all taxes and contributions imposed on the property subject to the usufruct, as well as all ground rents which may have been charged upon the property, previous to the commencement of the usufruct.

The usufructuary is also bound, during his enjoyment, to cause to be made and repaired the roads, bridges, ditches, levees and the like, for which the estate of which he has the usufruct, may be liable.

With respect to extraordinary or temporary charges, which may be imposed on things subject to the usufruct during its pendency, the usufructuary is bound to support them, unless they are of a nature to augment the value of the property subject to the usufruct.

In this last case the usufructuary is bound to pay them, and shall be reimbursed by the owner at the termination of the usufruct, for the capital expended only.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Durant & Hornor* for plaintiff. *M. M. Cohen* for defendants and appellants.

LABAUVE, J. The plaintiff claims against the defendants the sum of $4,632 66, for having paved, under a contract with the city of New Orleans, Julia street, between St. Charles and Carondelet streets, and in front of defendants' property. He prays for judgment with a privilege and mortgage on the property.

The defendants answered by a general denial, and said they were not bound to pay any part of said demand ; that, on or about the 25th March, 1857, they had transferred a portion of said property for a period of fifty years, by a contract of emphyteosis, to Thomas B. Lee ; and, on the 31st March, 1859, another portion to G. W. Campbell, etc.

The district court gave judgment in favor of plaintiff against defendants, as prayed for, and the said defendants took this appeal.

We find in the record, in evidence, the two acts of lease referred to in the answer; they are both of the same tenor, and containing the same obligations, stipulations and dispositions. In fact, the act of lease to Dr. G. W. Campbell, produced here, is the same one which was submitted to our consideration, and upon which we gave a decision, in the case just decided—*C. Connell* v. *Female Orphan Asylum and G. W. Campbell,* No. 10 in this court. In that case, after due examination of said contract in all its bearings, and the authorities applicable to it, we came to the conclusion that said contract (so called) of lease was in law a contract of sale, constituting and establishing an usufruct on time and for the term agreed upon. And for the same reasons given, and upon the same authorities cited in that case, we must decide in the present case that the two contracts now submitted to our consideration contain a constitution of usufruct and are governed by the laws on that subject.

But this case is not in a position to allow us to proceed to render the required final decree; the usufructuaries, who are the true and direct debtors, C. C. Arts. 572, 573, and who have valuable improvements on the lots upon which a mortgage and a privilege are sought to be enforced, are not in court; the case must be remanded to give an opportunity to plaintiff to make proper parties.

COLEMAN
v.
POYD'S ASYLUM

It is therefore ordered, adjudged and decreed, that the judgment of the District court be annulled and reversed; that the case be remanded to make proper parties, and to be proceeded in according to law, and that the plantiff and appellee pay the cost of appeal.

HOWELL, J., recused.